IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, ) ) Plaintiff, ) ) v. ) ) REFUGIO R. FLORES, et al., ) ) Defendants. ) | Civil Action No. 12 CV 1185 Hon. Charles R. Norgle |

## ORDER

Motion to Reconsider Judgment and Confirmation of Sale [34] is denied.

## STATEMENT

On February 18, 2012, Plaintiff U.S. Bank, National Association, as Trustee under the Pooling and Servicing Agreement dated as of February 1, 2007, GSAMP Trust 2007-NC1, Mortgage Pass Through Certificates, Series 2007-NC1 ("Plaintiff"), filed a complaint to foreclose mortgaged real estate commonly known as 21029 Siegle Drive, Crest Hill, Illinois 60435. Defendant Refugio R. Flores ("Defendant") was served by way of substitute service on May 2, 2012. His response to the complaint was therefore due on May 29, 2012. Defendant, however, failed to answer or otherwise plead. Plaintiff filed a motion for default judgment and a motion to appoint special commissioner on June 15, 2012. Both motions were granted on June 21, 2012, and were signed by the Court on June 22, 2012. Approximately a year later, on June 12, 2013, Plaintiff filed a motion for order approving report of sale and distribution and possession, as well as a certificate of publication on notice of the sale. Although the Court granted the motion on June 20, 2013, it was unaware that Defendant had filed for bankruptcy on June 19, 2013; and, therefore an automatic stay was in place, rendering the June 21, 2013 order, approving the report of sale and distribution, and confirming the sale of the premises, invalid. Plaintiff subsequently obtained relief from the automatic stay, and refiled a motion for order approving report of sale and distribution and possession on February 25, 2014. The Court granted the motion on March 6, 2014, and signed the order the next day. Before the Court is pro se Defendant's pleading captioned, "Motion to Reconsider Judgment and Confirmation of Sale." For the following reasons, the motion is denied.

In a one-page motion, unsupported by a memorandum of law, Defendant seeks reconsideration of the June 22, 2012 default judgment of foreclosure and March 7, 2014 Order, approving the report of sale and distribution, and confirming the sale of the premises. The Court construes Defendant's pro se motion liberally. See, e.g., Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008) (citing Kaba v. Stepp, 458 F.3d 678, 687 (7th Cir. 2006)). "Under the Erie [R. Co. v. Tompkins, 304 U.S. 64 (1938),] doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." Gasperini v. Ctr. for Humanities, Inc., 518

U.S. 415, 427 (1996). Thus, "[t]he grounds and procedures for setting aside a federal judgment are entirely a matter of federal law, on which state law may be disregarded." Lomas & Nettleton Co. v. Wiseley, 884 F.2d 965, 968 (7th Cir. 1989) (internal quotation marks and citation omitted). But "[i]n an unusual circumstance involving a substantive right under state law, to have a judgment (and presumably a proceeding) reopened, the federal court sitting in diversity will give effect to the state-created right." Id. (internal quotation marks and citation omitted).

Federal Rule of Civil Procedure 55(c) provides that the Court "may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Pursuant to Rule 60(b), the Court may relieve a party from a final judgment based upon the following:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). However, because Defendant brings the instant motion more than a year after default judgment of foreclosure was entered, enumerated subsections (1) through (3) cannot form the basis for relief. See Fed. R. Civ. P. 60(c)(1). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Wickens v. Shell Oil Co., 620 F.3d 747, 759 (7th Cir. 2010) (internal quotation marks and citation omitted); see also Kathrein v. City of Evanston, Ill., No. 12-2958, 2014 WL 1934240, at *8 (7th Cir. May 15, 2014). Additionally, "[i]n order to have a default judgment vacated, the moving party must demonstrate: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" Wehrs v. Wells, 688 F.3d 886, 890 (7th Cir. 2012) (quoting Sun v. Bd. of Trs. of Univ. of Ill., 473 F.3d 799, 810 (7th Cir. 2007)). Failing to make any one of these showings warrants denial of the motion to vacate. Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc., 28 F.3d 42, 46-47 (7th Cir. 1994); see also Sun, 473 F.3d at 811.

Here, Defendant asserts the following defenses: (1) that he was not properly served; (2) that Litton Loan Servicing LP ("Litton") (a prior servicer of the loan) offered him a trial loan modification, but then rejected the fourth payment; (3) that he qualifies for a loan modification; (4) that notice was not properly given under 735 Ill. Comp. Stat. 5/15-1507(c); and (5) that the sale was unfair. But Defendant's defenses come too late, and are otherwise without merit.

As an initial matter, the Court considers whether the default judgment of foreclosure is void for lack of personal jurisdiction based on defective service of process. "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." Relational, LLC v. Hodges, 627 F.3d 668, 672 (7th Cir. 2010) (internal quotation marks and citation omitted). Plaintiff has made this prima facie showing—on June 8, 2012, Plaintiff filed a signed return of service that, *inter alia*, identified the recipient (Guadalupe Flores ("Guadalupe"), Defendant's daughter), and noted when (May 2, 2012, at 7:30 p.m.) and where service occurred (21029 Siegle Drive, Crest Hill, Illinois 60403). See id. (citing Homer v. Jones-Bey, 415 F.3d 748, 754 (7th Cir. 2005)). In an attempt to prove defective service, Defendant attaches a letter signed by Guadalupe, which claims that on May 2, 2013, she

2

was in Peoria, Illinois, at Bradley University. This unsworn statement, however, fails to rebut, by strong and convincing evidence, the presumption of service. Critically, the date Guadalupe claims to have been away at university is inconsistent with the date substitute service was effectuated, one year earlier. Defendant also submits an unsworn statement, and claims that on the date and time of service, Guadalupe was at the gym. Defendant also challenges the physical description on the return of service, asserting that it does not match her ID. The description of Guadalupe on the return of service includes the following: Weight: 126-150; Hair: Black; and Eyes: Brown. Defendant asserts that Guadalupe's ID shows: Weight: 180; Hair: Blonde; Eyes: Green. However, the only image of Guadalupe, her Bradley University QuickCard, submitted to the Court is in black and white and clearly depicts her hair color as black, not blonde. Defendant's assertions to the contrary are unsupported by record evidence. Defendant's purported evidence is far from convincing, and does not rebut the presumption of valid service. Accordingly, the default judgment of foreclosure is not void.

Because Defendant waited approximately one year and nine months after the default judgment of foreclosure was rendered and ten months after the premises was sold at public auction on May 20, 2013, his motion to set aside the judgment simply does not constitute quick action. See Zuelzke v. Tool & Eng'g Co. v. Anderson Die Castings, Inc., 925 F.2d 226, 230 (7th Cir. 1991) (opining that the delay of taking formal action for four months after the entry of default judgment "could hardly be described as prompt"). This delay is fatal to Defendant's motion, and the Court need not address whether there was good cause for the default or a meritorious defense to the complaint.

To the extent that Illinois law regarding vacating the default judgment of foreclosure and setting aside the judicial sale creates a "substantive" right under Rule 60(b)(6), there is no applicable substantive right here to justify relief. Section 1508(d-5) of the Illinois Mortgage Foreclosure Act provides:

> The court that entered the judgment shall set aside a sale held pursuant to Section 15-1507, upon motion of the mortgagor at any time prior to the confirmation of the sale, if the mortgagor proves by a preponderance of the evidence that (i) the mortgagor has applied for assistance under the Making Home Affordable Program established by the United States Department of the Treasury pursuant to the Emergency Economic Stabilization Act of 2008, as amended by the American Recovery and Reinvestment Act of 2009, and (ii) the mortgaged real estate was sold in material violation of the program's requirements for proceeding to a judicial sale.

735 Ill. Comp. Stat. 5/15-1508(d-5) (emphasis added). Because Defendant's motion was brought after the confirmation of the sale, any argument under Section 1508(d-5) is untimely. Defendant's motion to reconsider judgment is therefore denied.

Next, Defendant asks the Court to reconsider its March 7, 2014 Order, approving the report of sale and distribution, confirming the sale of the premises. Because Defendant filed the instant motion within twenty-eight days of the Court's Order, the Court construes this aspect of the motion pursuant to Rule 59(e). "To prevail on a Rule 59(e) motion, the moving party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co., 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation marks and citation omitted). Defendant, however, fails to clearly establish any ground for relief under Rule 59(e).

"[A]lthough there are defenses to the confirmation of a foreclosure sale, they are limited by statute to lack of notice; the terms of the sale were unconscionable; the sale was conducted fraudulently; or 'justice was otherwise not done.'" Aurora Loan Servs., Inc. v. Craddieth, 442 F.3d 1018, 1023 (7th Cir. 2006) (quoting 735 Ill. Comp. Stat. 5/15-1508(b)). Defendant's mere belief that notice was not properly given is unsupported by the record. Public notice of the sale was properly made and the certificate of publication was filed on June 12, 2013. Furthermore, although Plaintiff was not required to send notice of the sale to Defendant, see 735 Ill. Comp. Stat. 5/15-1507(c)(3) ("The party who gives notice of public sale in accordance with subsection (c) of Section 15-1507 shall also give notice to all parties in the action who have appeared and have not theretofore been found by the court to be in default for failure to plead."), it nevertheless mailed him notice on April 30, 2013, and filed the proof of mailing notice of sale. Additionally, the terms of the sale were fair. A Brokers Price Opinion indicates that the probable sale price of the subject property would be between $194,000 and $202,000. The subject property in fact sold for $207,000. Finally, Defendant cannot show that "justice was otherwise not done." 735 Ill. Comp. Stat. 5/15-1508(b). Although Defendant asserts that Litton offered him a trial loan modification but then rejected the fourth payment, and that he qualifies for a loan modification, he provides no evidence to support his contentions. Plaintiff, on the other hand, submits evidence that Litton denied Defendant's loan modification application under the Home Affordable Modification Program because he failed to provide the necessary documents which were requested. Defendant fails to demonstrate manifest error of law or fact or present newly discovered evidence. Accordingly, his motion to reconsider confirmation of the sale is denied.

For the foregoing reasons, Defendant's motion is denied. IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: May 16, 2014

4